BELL, et al. *v.* BENNETT, et al.

Feb. 9, 1953

No. 38656          19 Adv. S. 4          62 So. 2d 777

*Robert E. Nason* and *Bennett E. Smith,* for appellants.

*Livingston & Fair,* for appellees.

McGehee, C. J.

On January 21, 1930, R. T. Bell, now deceased, and his wife, Mrs. M. J. Bell, were indebted to the Merchants & Farmers Bank of Starkville in the sum of $1,848.34, according to the allegations of the original and amended bills of complaint herein, the first of which was filed on

April 4, 1951, by the said Mrs. M. J. Bell and two of her children against the defendants, Walter Bennett and F. L. Fair, Sr.

The bill of complaint further alleges that R. T. Bell and wife executed to the bank a general warranty deed on January 21, 1930, to certain lands in Oktibbeha County, therein described; that on the same date the bank in turn executed unto the said R. T. Bell a special warranty deed, reconveying said land to him, and thereupon the said R. T. Bell and wife executed a deed of trust on the land in favor of the bank to secure the said indebtedness of $1,848.34.

The special warranty deed from the bank to R. T. Bell contained the following provision: ''It is understood, however, that grantors are to remain in possession of the land here conveyed until the mortgage concurrently given herewith is liquidated and that grantors to that end, shall collect rents on said property and control the same until said obligation is fully paid.''

There is exhibited to the bill of complaint a deraignment of title to the land in controversy, and it appears from the bill of complaint and the deraignment of title as an exhibit thereto that subsequent to January 21, 1930, the said R. T. Bell and wife gave to the bank certain renewal deeds of trust which disclose that the indebtedness increased with each renewal until finally one of the deeds of trust was foreclosed during the year 1936 for the satisfaction of the said indebtedness, in connection with the liquidation of the said Merchants & Farmers Bank, and that whatever title was acquired by the purchaser at the foreclosure sale finally became vested in James Y. Welborn, and that thereafter title was acquired by the defendants, Bennett and Fair, during the year 1951, shortly prior to the filing of the original bill of complaint herein.

The bill alleges that under the quoted provision of the special warranty deed made by the bank to R. T. Bell on

January 21, 1930, an express trust was created whereby the bank was to hold possession of the land as trustee for the Bells until the rents and profits therefrom should liquidate the indebtedness secured by the deed of trust executed by them in favor of the bank on that day; that the bank, while a going concern, thereafter collected rents and sold timber from the land in amounts far exceeding the indebtedness due under the deed of trust and the subsequent renewals thereof; and that the predecessors in title of the defendants Bennett and Fair, who owned the land from time to time subsequent to the foreclosure in 1936, had also sold timber from the land and realized other profits therefrom.

The bill of complaint seeks to confirm the title of Mrs. Bell and two of her children to the land in controversy, to cancel the claim of the defendants as a cloud thereon, and seeks from these two defendants, who are the only persons made defendants herein and who did not acquire the land until the early part of the year 1951, as aforesaid, an accounting for all timber sold and other profits realized from the land by their predecessors in title upon the theory that the foreclosure sale was void on the ground that the same was inconsistent with the trust created by the quoted provision from the special warranty deed hereinbefore mentioned. The complainants do not point out wherein the foreclosure was invalid except on the theory last above stated.

The chancellor sustained a demurrer to the bill of complaint, and also to the amended bill of complaint, and granted an appeal from his decree sustaining the demurrers and dismissing the bill and amended bill of complaint. The decree does not recite whether or not the complainants had declined to plead further prior to the dismissal of their amended bill of complaint.

We are of the opinion that neither the original nor amended bills of complaint stated any ground for relief against the appellees Bennett and Fair; that the gen-

eral warranty deed from R. T. Bell and wife to the Merchants & Farmers Bank of January 21, 1930, the special warranty deed from the bank reconveying the land to R. T. Bell and retaining the possession thereof for the collection of rents and profits as additional security for the payments of the indebtedness secured by its deed of trust, and the deed of trust from R. T. Bell and wife executed on the same day to secure the indebtedness of $1,848.34, should all be construed together as one transaction; that there are no allegations in the bill of complaint that would disclose that the bank was without authority to foreclose the last renewal of the deed of trust; and that therefore the trial court was not in error in sustaining the demurrer to the original and to the amended bills of complaint, respectively.

In view of what is hereinbefore stated, the decree appealed from must be affirmed and the cause remanded for such further proceedings as the complainants may see fit to take not inconsistent with this opinion.

Affirmed and remanded.

*Hall, Lee, Arrington* and *Lotterhos, JJ.,* concur.